UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSEMARIE D., | |
| Plaintiff, | Case No. C19-1431 MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by finding she had performed work at the substantial gainful activity ("SGA") level during the relevant time period. (Dkt. # 8.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1959, has the equivalent of a high school education, and has worked as an account administrator, customer representative, dispatcher, and in construction. AR at 152,

ORDER - 1

202. In January 2016, Plaintiff applied for benefits, alleging disability as of November 1, 2015.[1] AR at 198. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 29-48. After the ALJ conducted a hearing on March 27, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-28. Specifically, the ALJ found Plaintiff engaged in SGA since her alleged onset date at step one of the five-step disability process.[2] *Id.* at 20.

After the ALJ hearing, Plaintiff submitted work activity questionnaires to the Appeals Council. AR at 4. The Appeals Council considered the forms and exhibited them, but concluded they did not provide a basis for changing the ALJ's decision. *Id.* at 1. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 8.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

---

[1] Plaintiff subsequently amended her alleged onset date to January 1, 2016 in a letter to the Appeals Council after the ALJ hearing. AR at 314.

[2] 20 C.F.R. §§ 404.1520

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Determining Plaintiff Engaged in Substantial Gainful Activity at Step One

#### 1.   Substantial Gainful Activity

As the claimant, Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act ("SSA"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). SSA defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under SSA only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner uses a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The

ORDER - 3

claimant bears the burden of proof during steps one through four. *Tackett*, 180 F.3d at 1098. Step one asks whether the claimant engaged in SGA during the claim period. *Id*. If she did, disability benefits are denied for the period in which she was engaged in SGA. *Id.* For all periods in which the claimant was not engaged SGA, the Commissioner proceeds to step two. *Id.* SGA is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, normally performed for profit. 20 C.F.R § 404.1572. The Commissioner has established, by regulation, an amount of earnings at which point the claimant is assumed to be engaged in SGA. *See* 20 C.F.R. § 404.1574(b)(2). That annual amount was $13,080.00 in 2015, $13,560.00 in 2016, and $14,040.00 in 2017. *See* https://www.ssa.gov/OACT/COLA/sga.html.

Here, there is no dispute that Plaintiff's work earnings during the relevant time period exceed the SGA threshold levels set by the SSA. Plaintiff worked as a dispatcher for Eagle Pest Eliminators for many years and after being diagnosed with Parkinson's Disease, she continued her employment on a part-time basis. (Dkt. # 8 at 2.) Plaintiff earned $31,405.00 in 2015, $15,410.00 in 2016, and $16,740.00 in 2017. AR at 173, 176, 178, 210. Rather, the parties dispute whether the ALJ properly considered factors other than earnings in determining whether Plaintiff's work constituted SGA. Specifically, Plaintiff asserts the ALJ erred in finding her work constituted SGA because it was subsidized or performed under special conditions. (*Id.* at 2-3.)

        2.     *Special Conditions and Subsidy*

First, Plaintiff argues that the SSA's Program Operational Manual System ("POMS") § DI 10505.001 and SSR 83-33 direct the ALJ to consider whether Plaintiff's earnings were subsidized and therefore should have been deducted from her gross earnings. (Dkt. # 8 at 3-4.) Plaintiff argues that in making that determination, the ALJ should have considered, *inter alia*, whether she received assistance or was slow, inefficient, or unproductive. (*Id.* at 4.) Next,

ORDER - 4

Plaintiff argues her earnings may not constitute SGA if they were performed under "special conditions" pursuant to 20 CFR § 404.1573. (*Id.* at 6-8.) Similar factors are considered in making this determination, including working irregular hours with frequent rest periods, working at a lower standard than other employees, and being given the opportunity to work despite impairments because of a relationship or association with the employer or the employer's concern for the individual's welfare. 20 CFR § 404.1573.

Plaintiff argues both her testimony and the testimony of her office manager, Kelly Wicker[3], regarding Plaintiff's work performance should have prompted the ALJ to more fully develop the record. (Dkt. # 8 at 7-8.) Plaintiff testified that she worked two days a week, with two and a half "floater" days a month. AR at 32-36. She testified that she tired by the end of her second day each week and had difficulty keeping up with her work. *Id.* Ms. Wicker testified that Plaintiff's work performance had declined, that Plaintiff struggled with her memory, pain, and doing simple tasks, and that Plaintiff was "family" and therefore the company would not turn its back on her. *Id.* at 43-46. Ms. Wicker also testified that Plaintiff is organized, focused, and "never gives up." *Id.* at 45-46. Plaintiff argues the ALJ misinterpreted this testimony in concluding Plaintiff continued to work to the satisfaction of her employer. (Dkt. ## 8 at 5-10, 10 at 4.) In support of her argument, Plaintiff argues POMS instruct the SSA to send "SSA-2033-BK forms"[4] in "these types of cases," like the forms submitted to the Appeals Council by Plaintiff and Ms. Wicker. (Dkt. # 8 at 8.) It appears Plaintiff asserts that the ALJ should have sent these work questionnaires to Plaintiff and her employer prior to the hearing.

---

[3] The transcript of the March 27, 2018 hearing identifies Plaintiff's manager as Kelly Bricker (AR at 30), however, she identifies herself as Kelly Wicker on her employer assessment and Plaintiff refers to her as Kelly Wicker in her briefing. (Dkt. # 8); AR at 318-320.

[4] Although Plaintiff identifies the form as "SSA-2023-BK", it appears she is referring to "SSA-2033-BK." (Dkt. ## 8 at 8, 10 at 5.)

ORDER - 5

The Court finds the ALJ did not err in finding Plaintiff not disabled and was not required to further develop the record. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001). Here, both Plaintiff and Ms. Wicker testified in-person at the hearing. As discussed above, the ALJ asked Plaintiff about her work schedule (AR at 33), her difficulty in keeping up with work (*id.* at 34), and her physical pain while working (*id.* at 35). The ALJ asked Ms. Wicker about Plaintiff's history working with the company and her association with the employer (*id.* at 43, 46), as well as Plaintiff's problems performing her work (*id.* at 43-44). The record available to the ALJ at the time of the hearing was not ambiguous or inadequate to evaluate the evidence. The ALJ considered the hearing testimony and found that even though Plaintiff's work performance had declined over time, she continued to work part time and her earnings exceeded the SGA threshold level during all relevant periods. AR at 22. The ALJ specifically found that Plaintiff's work was not the result of special conditions or a subsidy. *Id.* at 21-22. The ALJ could reasonably find, based on substantial evidence, that Plaintiff engaged in SGA. Accordingly, Plaintiff failed to meet her burdening of establishing disability at step one.

    3.  New Evidence

Plaintiff argues that even if the Court disagrees that the ALJ had a duty to develop the record, the Court should consider the questionnaires submitted by Plaintiff and Ms. Wicker to the Appeals Council to determine whether the ALJ's decision is supported by substantial evidence and free of legal error pursuant to *Brewes v. Comm. of Soc. Sec. Admin*, 682 F.3d 1157 (9th Cir. 2012). (Dkt. # 10 at 5.) Ms. Wicker's questionnaire reports that Plaintiff did not complete all the usual duties required for her position, did not complete her job duties without special assistance,

ORDER - 6

does not regularly report for work as scheduled, and does not complete her work in the same amount of time as other employees in similar positions. AR at 324-25. Ms. Wicker further reported that Plaintiff received extra help/supervision, had lower production standards, and performed 50% or less of other employees' productivity levels. *Id.* Plaintiff's questionnaire reports that her employer adjusted her workload and hours, and that she was allowed to call in sick frequently. *Id.* at 329-31. Plaintiff further reported she believes she was allowed this to keep working with these conditions because of her association with her employer and the employer's concern for her. *Id.*

The Commissioner argues that Plaintiff must show that evidence submitted to the Appeals Council is material to determining disability and that there must be good cause for having failed to produce such evidence earlier. (Dkt. # 9 at 6.) However, under *Brewes*, evidence considered for the first time by the Appeals Council must be considered by the district court as part of the administrative record when reviewing an ALJ's decision for substantial evidence under sentence four, and this evidence is not subject to the sentence-six requirements of good cause and materiality. 682 F.3d at 1163. Denial of remand is appropriate "notwithstanding the existence of new evidence only when there would be substantial evidence supporting the ALJ's denial of disability benefits even if the new evidence were credited and interpreted as argued by the claimant." *Gardner v. Berryhill*, 856 F.3d 652, 658 (9th Cir. 2017).

Here, the Court has reviewed the questionnaires submitted to the Appeals Council as part of the administrative record. Although the questionnaires may constitute "new evidence" under *Brewes,* they merely elaborate on testimony already elicited at the hearing. Thus, although the ALJ did not consider the questionnaires themselves, the ALJ did consider both Plaintiff and Ms. Wicker's testimony about Plaintiff's work performance, including that Plaintiff's performance

ORDER - 7

had declined and that Plaintiff remained employed because her employer considered her "family" and would "not turn its back on her." While the questionnaires provide more detail, they do not undermine the ALJ's analysis of Plaintiff's work activity. The crux of Plaintiff's argument is that the ALJ should have considered whether Plaintiff's work was subsidized or performed under special conditions. The Court finds the ALJ considered those factors, as well as the rest of the record including Plaintiff's earnings, and could reasonably find Plaintiff not disabled.[5] Accordingly, the ALJ's decision should be affirmed.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 6th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[5] The Court notes the ALJ's decision could have provided more detail regarding the analysis of a subsidy and/or special conditions, however, the ALJ's interpretation is reasonable and therefore must be affirmed. *Thomas*, 278 F.3d at 954.